MARGARET A. MCLETCHIE, Nevada Bar No. 10931
ALINA M. SHELL, Nevada Bar No. 11711
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, Nevada 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Attorneys for Plaintiff Mary Benson*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY BENSON, an individual,<br>        Plaintiff,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, in its official capacity; and, BRET EMPEY, in his official capacity as Sergeant of the Las Vegas Metropolitan Police Department;<br>        Defendants. | Case. No.: 2:19-cv-01949-RFB-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br>**(THIRD REQUEST)**<br>**[ECF No. 29]** |

Pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 26-4, Plaintiff MARY BENSON and Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT and BRET EMPEY ("LVMPD Defendants"), by their respective counsel, hereby submit this *Stipulation and Order to Extend Discovery Deadlines (Third Request)* to request the Court to continue the pretrial and trial dates by sixty (60) days.

**I.    DISCOVERY CUT-OFF DEADLINES**

    A.    The discovery cut-off date shall be rescheduled from March 1, 2021 to **April 30, 2021**;

    B.    The deadline for the initial disclosure of experts and expert reports shall be rescheduled from December 29, 2020 to **March 1, 2021**;

    C.    The deadline for the disclosure of rebuttal experts and their reports shall be rescheduled from January 28, 2021 to **March 31, 2021**;

    D.    The deadline to file dispositive motions shall be rescheduled from March 31, 2021 to **May 31, 2021**; and

1

1       E.    The deadline to file the Joint Pretrial Order shall be rescheduled from April 30, 2021 to **June 30, 2021**.

> If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**II.    REASON FOR THE REQUESTED EXTENSION**

Pursuant to Local Rule 26-4, the Parties submit that good cause exists for the extension requested. This is the third request for an extension in this case. The Parties acknowledge that, pursuant to LR 26-4, a stipulation to extend a deadline set forth in a discovery plan must be submitted to the Court no later than 21 days before the expiration of the subject deadline, and that a request made within 21 days must be supported by a showing of good cause. Here, the deadline for the initial disclosure of initial experts and initial expert reports is currently December 29, 2020. Thus, the instant stipulation to extend the deadline for initial expert disclosures is untimely.

However, good cause exists to consider this request to extend the deadline for initial expert disclosures. Plaintiff has alleged that she has suffered economic damages as a result of her constructive termination, including but not limited to lost current and future pension income and benefits, lost vacation and sick time, lost current and future medical insurance benefits, and lost income, for which an expert witness(es) will be necessary to assess one or more of these areas. Due to the respective workloads of the Parties' counsel, coupled with the restrictions put in place as a result of the COVID-19 pandemic, the Parties seek this extension to allow additional time to secure initial expert witnesses and, absent this extension of time for initial expert disclosures, both parties will be deprived of expert analysis of Plaintiff's asserted damages.

Additionally, counsel for Defendants will be out of the jurisdiction from December 20, 2020 through at least December 25, 2020 to provide care and assistance to his significant other, who is scheduled to have a surgical procedure in Reno, Nevada on December 21, 2020.

Accordingly, the Parties submit that good cause exists to excuse the untimely request to extend the initial expert disclosure deadline.

**WHEREAS**, the Parties have been diligently conducting discovery. Since January 2020, the Parties have propounded and responded to requests for written discovery; have

produced documents relating to liability issues; and have been working to coordinate depositions.

**WHEREAS**, additional time is needed for discovery due to the current State of Emergency resulting from the COVID-19 virus, including ongoing office closures and limitations on travel and personal contact, the Parties have been limited in their ability to conduct depositions.

**III.     STATUS OF DISCOVERY EFFORTS TO DATE**

The following discovery has been completed to date:

1. LVMPD Defendants provided their Fed. R. Civ. P. 26.1 Production of Documents and Witness List on January 6, 2020;

2. Plaintiff Mary Benson provided her Fed. R. Civ. P. 26.1 Production of Documents and Witness List on January 7, 2020;

3. LVMPD Defendants propounded their First Set of Requests for Production of Documents to Plaintiff Mary Benson on January 17, 2020;

4. Plaintiff Mary Benson responded to LVMPD Defendants' First Set of Requests for Production of Documents on March 10, 2020;

5. Plaintiff provided her First Supplement to her Fed. R. Civ. P. 26.1 Production of Documents and Witness List on March 10, 2020;

6. Plaintiff Mary Benson propounded her First Set of Requests for Production of Documents to Defendant Sgt. Bret Empey on March 13, 2020;

7. Plaintiff Mary Benson propounded her First Set of Requests for Production of Documents to Defendant Las Vegas Metropolitan Police Department on March 13, 2020.

8. LVMPD Defendants provided their First Supplement to their Fed. R. Civ. P. 26.1 Production of Documents and Witness List on May 11, 2020;

9. Defendant Sgt. Bret Empey responded to Plaintiff Mary Benson's First Set of Requests for Production of Documents on May 11, 2020; and

10. Defendant Las Vegas Metropolitan Police Department responded to Plaintiff Mary Benson's First Set of Requests for Production of Documents on May 11, 2020.

## IV. DISCOVERY REMAINING

The Parties agree that the following discovery must be completed:

1. The deposition of Plaintiff;
2. The depositions of Defendants;
3. The depositions of witnesses;
4. The deposition(s) of the Defendants' Person(s) Most Knowledgeable;
5. The deposition(s) of expert witness(es) designated by all Parties;
6. Additional written discovery; and
7. Additional records collection.

## V. CONCLUSION

Based on the above, requisite good cause exists to warrant an extension of the Scheduling Order (ECF No. 29) deadlines. Accordingly, the Parties respectfully request that this Court extend the current deadlines by sixty (60) days in order to allow all Parties to adequately complete discovery and to resolve present scheduling conflicts.

IT IS SO STIPULATED.

DATED this the 17th day of December, 2020.   DATED this the 17th day of December, 2020.

**MARQUIS AURBACH COFFING**                   **MCLETCHIE LAW**

*/s/ Nick D. Crosby*                          */s/ Alina M. Shell*
Nick D. Crosby, NBN 8996                      Margaret A. McLetchie, NBN 10931
10001 Park Run Drive                          Alina M. Shell, NBN 11711
Las Vegas, NV 89145                           701 East Bridger Ave., Suite 520
Email: ncrosby@maclaw.com                     Las Vegas, NV 89101
*Attorney for LVMPD Defendants*               Email: maggie@nvlitigation.com
                                              *Attorneys for Mary Benson*

### ORDER

IT IS SO ORDERED.

DATED this  17th  day of  December , 2020.

_____
U.S. MAGISTRATE JUDGE

4